■ In the Matter of the Claim of EDITH MARGOLIS, Respondent, v. CAMP ROOSEVELT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — GABRIELLI, J. Appeal from a decision of the Workmen's Compensation Board, filed November 15, 1966. The deceased employee suffered a myocardial infarction on July 2, 1954 after lifting a trunk in the course of his employment, which was found by the board to be an accidental injury and, based on the further finding of a permanent partial disability, an award of compensation accordingly was made. On December 14, 1964 he died as the result of an acute coronary occlusion and a claim for death benefits was filed. The Referee found no causal relationship between the 1954 attack and the fatal 1964 attack and dismissed the claim. Upon review the board reversed the Referee's decision, made an express finding that death was causally related to the accidental injury of July 2, 1954 and restored the case to the Referee's Calendar for an appropriate award. There was sharp conflict in the medical opinion testimony and the board's choice of the testimony given by Dr. Swiller, a specialist who had attended the deceased from the time of his original accident to his death, and who connected the death with the accident, was within its fact-finding power (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Sullivan* v. *Delphi Falls Fire Co.*, 29 A D 2d 584). It cannot be said that such testimony was incredible as a matter of law (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414) and it must, therefore, be accounted as substantial evidence which is supportive of the board's finding (*Matter of Sineni* v. *Sun Tire Sales*, 26 A D 2d 706). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.